Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JUNTA DE PLANIFICACIÓN DE PUERTO RICO **Apelado** V. EVA N. ROSADO CORCHADO **Apelante** | KLAN202400871 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla Civil. Núm. AG2023CV01572 Sobre: Injunction Estatutario |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

El 26 de septiembre de 2024, la Sra. Eva Rosado Corchado (señora Rosado o apelante) compareció ante nos mediante *Escrito de Apelación* y solicito la revisión de una *Sentencia en Rebeldía* que se dictó el 29 de julio de 2024 y se notificó el 30 de julio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la *Demanda de Injunction Estatutario Preliminar y Permanente* que presentó la Junta de Planificación de Puerto Rico (La Junta o apelada). En consecuencia, le ordenó a la señora Rosado a que inmediatamente, por su cuenta, costo y riesgo propio, restableciera a su estado original las obras de nivelación de terreno realizadas en la propiedad ubicada en el Municipio de Isabela. Además, le ordenó a que emitiera un pago de $19,000.00 por concepto de multas impuestas por la Junta en el trámite administrativa correspondiente a la querella número 2023-SRQ-012986 más los intereses legales que correspondieran. Por último, le impuso a la apelante la suma de

$2,500.00 por concepto de honorarios de abogado a favor del Estado Libre Asociado.

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción por tardío.

I.

El 29 de septiembre de 2024, la Junta presentó una *Demanda de Injunction Estatutario Preliminar y Permanente* en contra de la apelante.[1] Alegó que el 3 de marzo de 2023, el Sr. Luis Beniquez presentó la querella núm. SRQ-012986 en contra de la señora Rosado en la cual sostuvo que esta última realizó una remoción de terreno, depósito de relleno y tala de árboles sin los permisos correspondientes. Indicó que se realizó una investigación a estos fines y se encontró un *Permiso Simple para Extracción de Materiales de Corteza de Terrestre* denegado por la OGPe el 25 de agosto de 2022. Adujo que esta denegatoria nunca se impugnó y que tampoco se presentó una nueva solicitud a tales efectos.

Así pues, sostuvo que luego de haber realizado la investigación correspondiente, le notificó a la apelante una *Notificación de Hallazgos y Orden de Mostrar Causa* con las determinaciones de hechos y conclusiones de derecho alcanzadas. Particularmente, expresó que, mediante dicho dictamen, se le concedió a la señora Rosado veinte (20) días para mostrar causa por la cual no se le debía imponer una multa de $3,000.00 por la remoción de componentes de corteza terrestre y una multa de $16,000.00 por el depósito de relleno por no contar con los permisos requeridos. Además, expresó que le apercibió a la apelante que, de no responder en el término concedido, la multa quedaría impuesta y se procedería acudir al TPI a solicitar el cobro de la multa. Afirmó

---

[1] Véase, págs. 1-7 del apéndice del recurso.

que la apelante no presentó ningún escrito en respuesta a la solicitud de mostrar causa por lo que la *Notificación de Hallazgos y Orden de Mostrar Causa* advino final y firme.

En vista de lo antes expuesto, señaló que, al momento de la presentación del presente recurso extraordinario, la apelante no había obtenido un permiso para la extracción de corteza terrestre ni para el depósito de relleno que autorizaran las obras de nivelación de terreno realizadas en la propiedad. Alegó que tampoco existía una solicitud pendiente de adjudicar que la señora Rosado no había cumplido con el pago de las multas. Por los motivos antes expuestos, le solicitó al TPI a que emitiera un interdicto preliminar y permanente ordenándole a la señora Rosado el restablecimiento de la corteza terrestre, por su cuenta y riesgo propio, y que emitiera el pago total de 19,000.00 por concepto de multas. Por último, solicitó un pago no menor de $2,500.00 por concepto de honorarios de abogado a favor del Estado Libre Asociado.

Cabe precisar que, junto a su recurso extraordinario, la Junta presentó un proyecto de emplazamiento dirigido a la señora Rosado.[2] Así pues, el 4 de octubre de 2023, el TPI emitió y notificó una *Orden y Citación* señalando una vista de *injunction* a celebrarse el 30 de octubre de 2023 y ordenándole a la Junta a diligenciarle a la apelante la presente orden en o antes del 19 de octubre de 2023.[3] Sin embargo, el 24 de octubre de 2023, la Junta presentó una *Moción Informativa y en Solicitud de Transferencia de Vista* en la cual sostuvo que por conducto de su emplazador realizó las gestiones para diligenciarle personalmente la referida Orden a la señora Rosado, pero que las gestiones habían sido infructuosas.[4] Particularmente, indicó que el emplazador notificó que la orden no

---

[2] Íd., págs. 8-12.
[3] Íd., págs. 17-21.
[4] Íd., págs. 22-23.

pudo ser diligenciada personalmente ya que la que residía en la propiedad objeto de la Demanda era la hija de la apelante. Alegó que esta última se había comprometido en avisarle a la señora Rosado sobre las gestiones del emplazador, pero que la apelante nunca se comunicó con este último. Para evidenciar las gestiones realizadas, la Junta anejó una declaración jurada del emplazador detallando los esfuerzos realizados.[5]

De este modo, solicitó que se suspendiera la vista y que se señalara para una fecha posterior para poder continuar los esfuerzos para localizar al apelante previo a solicitar un emplazamiento por edicto. El 27 de octubre de 2023, el TPI emitió y notificó una *Resolución* señalando la vista mediante videoconferencia para el 28 de noviembre de 2023.[6] Junto a este dictamen, notificó una segunda *Orden y Citación* mediante la cual le ordenó a la apelada a diligenciarle a la apelante el emplazamiento no más tardar del 21 de noviembre de 2023.[7] El día de la vista ninguna de las partes se unió a la llamada de videoconferencia a pesar de que el TPI los citó y le concedió un tiempo razonable para que se unieran. Así pues, por las partes no haber presentado justa causa para su incomparecencia, el 28 de noviembre de 2023, el TPI emitió una *Sentencia* la cual se notificó el 29 de noviembre de 2023 desestimando la causa de acción sin perjuicio por incomparecencia de la Junta.[8]

Ante ello, el 29 de noviembre de 2023, la Junta presentó una *Urgente Moción de Reconsideración*.[9] En esta, su representación legal explicó que a causa de un error honesto y sin ánimo de abandono del caso había confundido el día de la vista del presente caso con otro caso en el cual también representaba a la Junta. Alegó

---

[5] Íd., págs. 23a, 23b y 23c.
[6] Íd., pág. 24.
[7] Íd., págs. 25-29.
[8] Íd., pág. 31.
[9] Íd., págs. 32-34.

que, por esta razón, no compareció a la vista pautada y no presentó a tiempo una moción informando que todavía no se había logrado emplazar a la señora Rosado por lo que se estaría solicitado emplazarla por edicto. Indicó que no fue hasta el momento en que recibió la Sentencia desestimando sin perjuicio la causa de acción que se percató de su confusión con las fechas de las vistas. Así pues, a tales efectos le solicitó al TPI a que reconsiderara su *Sentencia*. Evaluada la solicitud de reconsideración, el TPI emitió una *Resolución* el 30 de noviembre de 2023, la cual fue notificada el 1 de diciembre de 2023 declarando Ha Lugar la reconsideración.

Así las cosas, el 11 de diciembre de 2023, la Junta presentó una *Moción en Cumplimiento de Orden y en Solicitud de Orden para Emplazar por Edicto.*[10] En síntesis, sostuvo que el emplazador les informó nuevamente que a pesar de todos los esfuerzos realizados no había podido emplazar personalmente a la señora Rosado. Específicamente, expresó que este último informó lo siguiente: (1) que el 7 de noviembre de 2023, visitó la dirección conocida de la apelante y no encontró a nadie en la propiedad, ni vecinos a los que entrevistar; (2) que llamó el número telefónico de la apelante que obraba del expediente administrativo, pero que le indicaron que el número era equivocado; (3) que los días 14, 18 y 21 de noviembre de 2023 regresó a la propiedad y que no encontró a nadie nuevamente; y, por último, (4) que acudió al cuartel de la policía de Isabela quienes le informaron no tener información de la apelante. La Junta afirmó que no tenía ninguna otra dirección física de la apelante más allá de las establecidas en la Demanda.

Por los motivos antes expuestos, le solicitaron al TPI a que autorizara emplazar por edicto a la señora Rosado. Junto a esta solicitud anejaron el proyecto de emplazamiento por edicto. El 19 de

---

[10] Íd., págs. 56-59.

diciembre de 2023, el TPI emitió una *Resolución* la cual se notificó el 22 de diciembre de 2023, autorizando emplazar por Edicto.[11] Junto a este dictamen, incluyó una *Orden de Autorización de Emplazamiento por Edicto*.[12] Ahora bien, el 15 de febrero de 2024, la Junta presentó una Moción Informativa mediante la cual puntualizó que El Vocero publicó el emplazamiento el 6 de febrero de 2024 y que en cumplimiento con la Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a), le enviaron una copia de la Demanda, Orden para Emplazar por Edicto y del Emplazamiento por Edicto a la apelante a su última dirección conocida, a saber: Buzón 2277 carretera 494 Barrio Arenales Bajo Isabela, Puerto Rico 00662. Para evidenciar lo antes expuesto, anejó junto a su moción copia del emplazamiento por edicto y una declaración jurada de la directora de anuncios clasificados de El Vocero.

A pesar de haber sido emplazada mediante edicto, la señora Rosado no presentó su alegación responsiva en el término provisto por ley por lo que el 15 de marzo de 2024, la Junta presentó una *Moción en Solicitud de Anotación de Rebeldía y que se dicte Sentencia por las Alegaciones de la Parte Demandante*.[13] Esbozó que a pesar de que la señora Rosado fue notificada de los procesos mediante la publicación por edicto del 6 de febrero de 2024 y a través de su última dirección conocida mediante correo postal certificado, esta última no presentó ninguna alegación responsiva. Por estos motivos, le solicitó al TPI a que anotara en rebeldía a la señora Rosado. El 25 de marzo de 2024, el TPI dictó y notificó una *Resolución* en la cual anotó en rebeldía a la apelante.[14]

Posteriormente, el 26 de marzo de 2024, la señora Rosado compareció ante el TPI mediante una *Moción de Desestimación* [...]

---

[11] Íd., pág. 62.
[12] Íd., pág. 63.
[13] Íd., págs. 72-77.
[14] Íd., pág. 89.

sin someterse a la jurisdicción dicho foro.[15] En síntesis, puntualizó que se debía desestimar la demanda de *Injunction* por las siguientes razones: (1) porque la información sometida por el emplazador en su declaración jurada indicaba una dirección distinta a la de su última dirección ya que sostuvo que la dirección era Barrio Arenales Bajo Carretera 484 cuando realmente era Carretera 494 y (2) porque la publicación del emplazamiento por edicto en El Vocero del 6 de febrero de 2024 fue defectuosa aunque la publicación incluía su dirección correcta. Argumentó que lo ante expuesto constituía un incumplimiento con la Regla 4.6 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a).

En respuesta, el 6 de febrero de 2024, la Junta presentó una *Moción en Oposición* [...].[16] En esta, resaltó que en dos ocasiones se intentó emplazar personalmente a la señora Rosado, pero esta última no colaboró con el proceso de emplazamiento por lo que se procedió a emplazarle por edicto. Sostuvo que el emplazamiento por edicto se publicó a penas cuarenta y seis (46) días desde la expedición del emplazamiento por edicto y que el 15 de febrero de 2024 se le envió a la apelante una copia de la Demanda y de la publicación del emplazamiento por edicto por correo certificado a la última dirección conocida de la apelante. Indicó que de este modo se adquirió jurisdicción sobre la apelante. Sin embargo, afirmó que luego de transcurridos treinta (30) días de la publicación del emplazamiento por edicto, la apelante no presentó su alegación responsiva por lo que procedía que se le anotara en rebeldía.

Evaluados los escritos de ambas partes, el 14 de mayo de 2024, el TPI dictó una *Resolución* la cual notificó el 15 de mayo de 2024 declarando No Ha Lugar la solicitud de desestimación.[17]

---

[15] Íd., págs. 90-95.
[16] Íd., págs. 100-112.
[17] Íd., págs. 113-120.

Posteriormente, el 17 de junio de 2024, la Junta presentó una *Moción para que se Dicte Sentencia por las Alegaciones de la Parte Demandante*.[18] Planteó que la apelante no había solicitado que se dejara sin efecto la anotación de rebeldía y tampoco mostró causa por su incomparecencia por lo que le solicitó al TPI a que dictara sentencia por las alegaciones que se presentaron en la Demanda. Además, indicó que, de ser necesario, solicitaba que se celebrara una vista de *injunction* preliminar y permanente en rebeldía previo a emitir el dictamen final.

El 28 de junio de 2024, la señora Rosado, sin someterse a la jurisdicción del TPI, presentó una solicitud de reconsideración de la determinación del TPI declarando No Ha Lugar su solicitud de desestimación.[19] El 17 de julio de 2024, la Junta presentó su oposición a la solicitud de reconsideración.[20] Evaluados lo escritos, el 29 de julio de 2024, el TPI emitió y notificó una *Resolución* denegando la solicitud de reconsideración.[21]

Posteriormente, el 29 de julio de 2024 el TPI emitió una *Sentencia en Rebeldía* que se notificó el 30 de julio de 2024.[22] Mediante el aludido dictamen, el TPI declaró Ha Lugar la *Demanda de Injunction Estatutario Preliminar y Permanente* que presentó la Junta. En consecuencia, le ordenó a la señora Rosado a que inmediatamente, por su cuenta, costo y riesgo propio, restableciera a su estado original las obras de nivelación de terreno realizadas en la propiedad ubicada en el Municipio de Isabela. Además, le ordenó a que emitiera un pago de $19,000.00 por concepto de multas impuestas por la Junta en el trámite administrativo correspondiente a la querella número 2023-SRQ-012986 más los intereses legales que correspondieran. Por último, le impuso a la apelante la suma de

---

[18] Íd., págs. 130-133.
[19] Íd., págs. 135-140.
[20] Íd., págs. 146-153.
[21] Íd., pág. 154.
[22] Íd., págs. 155-157.

$2,500.00 por concepto de honorarios de abogado a favor del Estado Libre Asociado.

En desacuerdo con esta determinación, el **16 de agosto de 2024,** la señora Rosado presentó una solicitud de reconsideración y ese mismo día presentó una *Moción Suplementaria a Reconsideración.*[23] Atendida la referida solicitud, el 26 de agosto de 2034, el TPI emitió una *Resolución* que se notificó el 27 de agosto de 2023 declarando No Ha Lugar la solicitud de reconsideración.[24] De igual forma, ese mismo día, a saber el 26 de agosto de 2024, emitió otra *Resolución* que se notificó el 27 de agosto de 2024 denegando la moción supletoria a la solicitud de reconsideración.[25]

Aún inconforme, el 26 de septiembre de 2024, la señora Rosado presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al dictar sentencia en rebeldía y no comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, en el presente caso si hubo una notificación adecuada, se le dio la oportunidad a la parte demandada a impugnar las multas administrativas impuestas por la Junta, según dispuesto en el Capítulo 11.4- Regla 11.4.1 y la sección 11.4.1.3 del Reglamento Conjunto 2020.**

> **Erró el tribunal de Primera Instancia al dictar sentencia en rebeldía sin darle a la parte demandada la oportunidad de escuchar la prueba y cuestionar el proceso de la imposición de multas administrativas, ya que dichas multas constituirían un gravamen real sobre la propiedad de la demandada.**

Atendido el recurso, el 30 de septiembre 2024, emitimos una *Resolución* en la cual le concedimos a la parte apelada hasta el 25 de octubre de 2024 para presentar su alegato en oposición. Oportunamente, la Junta presentó su *Oposición a Recurso de Revisión de Apelación* y negó que el TPI cometiera los errores que la

---

[23] Íd. págs. 158-170.
[24] Íd., pág. 173.
[25] Íd., pág. 174.

apelante le imputo. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos. *Veamos.*

II.

-A-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Cordero et al. v. ARPe et al,* 187 DPR 445, 457 (2012). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". Íd, pág. 856. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Massó,* 194 DPR 96, 103 (2015). Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007).

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres*

*Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción. Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

-B-

La Regla 52 de Procedimiento Civil, 32 LPRA Ap. V, R.52, regula el procedimiento y perfeccionamiento de los recursos apelativos. En lo pertinente, la Regla 52.2(a) de Procedimiento Civil, *supra*, establece que **"[l]os recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado".** (Énfasis nuestro).

De igual forma, la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, señala que **"[l]as apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia".** (Énfasis nuestro). **Sobre los términos jurisdiccionales, el Tribunal Supremo ha expresado que estos son improrrogables e insubsanables, lo cual implica que no se pueden acortar ni extender.** (Énfasis nuestro). *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 208 (2017).

Por otro lado, la Regla 52.2(d) de Procedimiento Civil, *supra,* establece las mociones que interrumpen el término para apelar una sentencia. En lo pertinente, la referida regla establece que:

[…]

(e) Interrupción del término para apelar. El transcurso del término para apelar se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones:

(1) Regla 43.1. En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia que declaren con lugar, o denieguen o dicten sentencia enmendada ante una moción bajo la Regla 43.1 para enmendar o hacer determinaciones iniciales o adicionales.

**(2) Regla 47. En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia que resuelvan definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47.** (Énfasis nuestro).

(3) Regla 48. En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia que denieguen una moción de nuevo juicio bajo la Regla 48.

-C-

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, preceptúa todo lo relativo a la solicitud de reconsideración. En lo pertinente al caso ante nos, la referida regla establece que la parte adversamente afectada por **una sentencia** del Tribunal de Primera Instancia podrá presentar, **dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia**, una moción de reconsideración de la sentencia. Íd. (Énfasis suplido). Además, añade que dicha moción deberá exponer con suficiente particularidad y especificidad los hechos y el derecho que su parte promovente estima que deben reconsiderarse, y fundamentarse en cuestiones sustanciales

relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales. Íd.

Ahora bien, en lo referente a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica que "[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 47 de Procedimiento Civil, supra.

Así pues, la presentación oportuna de una moción de reconsideración ante el Tribunal de Primera Instancia tendrá el **efecto de paralizar los términos concedidos por ley para acudir en revisión judicial al foro apelativo intermedio solo, si en su contenido, cumple con los requisitos expuestos en la Regla 47 de Procedimiento Civil.** (Énfasis suplido) *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 338 (2018). El término comenzará a transcurrir nuevamente desde la fecha cuando se archive en autos la copia de notificación de la resolución para resolver la moción de reconsideración. Íd.

III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos. Ello, toda vez que el presente recurso se presentó en una fecha posterior al término jurisdiccional de treinta (30) días que dispone la ley para recurrir en alzada ante nos.

Conforme al precitado derecho, la parte adversamente afectada por una Sentencia del TPI podrá presentar, dentro del **término jurisdiccional** de **quince (15) días** desde la fecha de

archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración del dictamen. Regla 47 de Procedimiento Civil, *supra.* Sin embargo, **si dicha moción no se presenta oportunamente, se tendrá por no puesta y no interrumpirá el término jurisdiccional de treinta (30) días para recurrir en alzada ante nos.** Además, cabe resaltar, que, **al ser términos jurisdiccionales, estos no admiten prorroga, aunque la parte presente justa causa para ello.** *Rosario Domínguez v. ELA,* supra. Consecuentemente, si la parte adversamente afectada por la sentencia del TPI no presenta su reconsideración oportunamente y tampoco presenta su recurso de apelación dentro del término provisto por ley, no tendremos jurisdicción para atender el recurso ante nuestra consideración.

En el caso de autos, la *Sentencia en Rebeldía* se dictó el 29 de julio de 2024 y se notificó el **30 de julio de 2024**. En vista de lo anterior, la señora Rosado tenía hasta el **14 de agosto de 2024** para presentar su solicitud de reconsideración. A pesar de ello, la apelante presentó su solicitud de reconsideración el **16 de agosto de 2024**, es decir, dos (2) días posterior al término provisto por ley. En consideración de lo anterior, no cabe duda de que la señora Rosado se excedió del **término jurisdiccional** de quince (15) días que tenía para solicitar reconsideración por lo que el TPI no tenía jurisdicción para atender dicha solicitud por tardía. Así pues, nunca se interrumpió el término para recurrir en alzada. Por lo tanto, la apelante tenía hasta el **29 de agosto de 2024** para comparecer ante nos. Sin embargo, no fue hasta el **26 de septiembre de 2024** que la señora Rosado compareció ante este foro intermedio por lo que nos encontramos forzados a desestimar el recurso de epígrafe por tardío conforme a la facultad que nos otorga la Regla 83 (B) (1) y (C) del Reglamento del Tribunal de Apelaciones, *supra.*

IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de epígrafe por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones